```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CRAIG COTORA, an individual,

                Plaintiff,

vs.　　　　　　　　　　　　　　Case No. 2:10-cv-775-FtM-29SPC

LEE COUNTY, a political subdivision
of the State of Florida, LEE COUNTY
EMS, a political subdivision of
State of Florida,

                Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Case-Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. #27) filed on April 30, 2012. Plaintiff filed his Response (Doc. #28) on May 14, 2012. For the reasons set forth below, the motion is granted.

## I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the

basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Plaintiff Craig Cotora filed a Complaint (Doc. #1) against Lee County and Lee County Emergency Medical Services[2] seeking relief under the Family and Medical Leave Act of 1993 (FMLA) for unlawful retaliation for the exercise of his statutory rights. His claim is based on both the self-care and family-care provisions of the FMLA.

Viewed in the light most favorable to plaintiff, the facts are as follows: plaintiff began his employment with Lee County on May 29, 2003, as a paramedic and emergency medical technician (EMT). (Doc. #28, p. 3.) Plaintiff requested and was granted FMLA leave on July 28, 2005 to care for his parents. (Id.) The approved family-care leave consisted of the following dates in 2005 and 2006: October 1, October 4, October 7, October 10, December 3, December 6, May 20, May 23, August 12, August 15, August 18 and August 21.

---

[2]Lee County is a political subdivision of the State of Florida. Fla. Const. Art. VIII § 1(a). Lee County Emergency Medical Services is an operational division within Lee County's Department of Public Safety.

On July 2, 2007 and March 27, 2008, plaintiff requested and was granted FMLA leave for self-care. (Id.) The approved self-care leave consisted of the following dates in 2007 and 2008: September 15, September 18, September 21, September 24, September 27, September 30, October 3, October 6, October 9, December 3, December 6, December 9, December 15, April 19, April 22, April 25, April 28, July 23, July 24, July 28, July 29, October 31, November 6, November 8, November 12, November 15, and November 18.

Lee County's paramedics and EMTs are subject to a collective bargaining agreement. (Doc. #28-3, p. 20.) Lee County follows a progressive disciplinary system, which consists of: verbal counseling, written counseling, suspension, performance improvement plans, and last chance agreements. (Doc. #28-2, p. 19.)

Plaintiff received counseling forms on: July 2, 2004, September 6, 2004, July 31, 2006, January 6, 2007, May 6, 2007, February 8, 2008, July 1, 2008, September 13, 2008, and September 8, 2008. (Doc. #28, p. 5.) The counseling forms are not disciplinary. (Doc. #28-4, p. 41.)

On September 12, 2007, plaintiff was placed on a performance improvement plan for: (1) unprofessional conduct as reported by the Lee County Sheriff's Office and the Pine Island Fire Department; (2) unprofessional conduct toward a patient and the patient's family; and (3) unprofessional conduct at a private physician's office. (Doc. #28-7.) Plaintiff was required to attend and

complete three courses on harassment avoidance training and improvement of customer/patient services. (Id.) Plaintiff completed all required classes in connection with his performance improvement plan. (Doc. #28-1.)

During this process, plaintiff claims that he was told by his union representative, Kevin Stephens, that plaintiff was on shift commands' "radar" for taking too much time off. (Doc. #28-8, p. 95.) Stephens testified that he "can't say with 100 percent at this time" whether he told him that. (Doc. #28-10, p. 10.) However, Stephens recalled saying something similar to several employees but could not recall who it was with. (Id., pp. 10-11.) Stephens also recalled hearing the term "slacker" applied to individual employees who were "using sick time and not available for work, not related to FMLA." (Id., p. 53.)

On September 18, 2008, plaintiff was issued a notice of corrective action for causing a significant delay in responding to a request for an inter-facility transfer. (Doc. #27-4, p. 17.)

Plaintiff was terminated on January 15, 2009 as a result of an incident that occurred on November 30, 2008. The parties dispute the facts. Lee County claims that plaintiff and his partner were dispatched for a call and after his partner activated the received and en route button, plaintiff left the ambulance and went into the station for 5-6 minutes. (Doc. #27, p. 5.) Defendant also asserts that plaintiff, when asked his location, gave a different location

to match-up with the time difference and that when plaintiff arrived at the scene, he failed to enter the arrival time and made up for the error by manually changing the times. (Id.)

Plaintiff argues that the delay was not 5-6 minutes and cites to the timing of radio calls to discredit his partner's testimony. (Doc. #28, pp. 8-10.) Plaintiff also asserts that they arrived to the scene one minute later than the standard response time of eight minutes and fifty-nine seconds and the delay was a result of their confusion as to whether another ambulance was going to respond. (Id.)

Lee County argues that plaintiff's termination was legitimate and a direct result of his disciplinary record. Plaintiff argues that the termination was retaliation for his FMLA leave. In support, plaintiff cites to Lee County's discipline of a similarly situated employee, Michelle Teague, who had previously received a suspension and three warnings. On July 9, 2008, Teague and her partner delayed their arrival by seven and a half minutes by allowing a shift change to occur during an emergency response. (Doc. #28-17.) The patient was pronounced dead at the scene. (Id.) As a result, unlike plaintiff, Teague was not terminated and instead received a last chance agreement and a 240 hour suspension on December 2, 2008. (Id.)

**III.**

The FMLA provides eligible employees with up to twelve weeks of unpaid leave annually if a serious health condition makes the employee unable to perform the functions of his or her position as an employee. 29 U.S.C. § 2612(a)(1)(D). The FMLA also creates a private right of action for equitable relief and money damages for employer violations. 29 U.S.C. §§ 2615(a)(1), 2617(a). The Eleventh Circuit has recognized that the FMLA creates a retaliation claim, in which an employee asserts that the employer discriminated against him because he or she engaged in activity protected by the FMLA. Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006); Strickland v. Water Works and Sewer Bd., 239 F.3d 1199, 1206 (11th Cir. 2001).

Defendant argues that plaintiff's claim under the self-care provision of the FMLA is barred by sovereign immunity and, in support, cites to the recent Supreme Court case, Coleman v. Court of Appeals of Md., 132 S. Ct. 1327 (2012). Given the Coleman opinion and earlier Eleventh Circuit precedent, it is well settled that Congress has not successfully abrogated the states' Eleventh Amendment immunity through the self-care provision of the FMLA. See Garrett v. Univ. of Ala. Bd. of Trs., 193 F.3d 1214 (11th Cir. 1999), rev'd on other grounds, 531 U.S. 356 (2001); see also Batchelor v. S. Fla. Water Mgmt. Dist., 242 F. App'x 652 (11th Cir.

2007). Therefore, plaintiff's FMLA self-care retaliation claim must be dismissed.[3]

The statutory claim based upon the family-care provisions of the FMLA is not barred by sovereign immunity. See Nevada Dept. Of Human Resources v. Hibbs, 538 U.S. 721 (2003). In the absence of direct evidence, the Court applies the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Hurlbert, 439 F.3d at 1297. To establish a *prima facie* case of retaliation, plaintiff must demonstrate: (1) that he engaged in statutorily protected activity under the FMLA; (2) that he experienced an adverse employment action; and (3) that there is a causal connection between the protected activity and the adverse employment action. Hurlbert, 439 F.3d at 1297; Wascura v. City of S. Miami, 257 F.3d 1238, 1248 (11th Cir. 2001)(citing Parris v. Miami Herald Pub. Co, 216 F.3d 1298, 1301 (11th Cir. 2000)). If plaintiff can establish a *prima facie* case, the burden shifts to the defendant to articulate a legitimate reason for the adverse action. If defendant is able to do so, plaintiff must show that defendant's proffered reason for the adverse action was pretextual.

---

[3]Plaintiff asserts that defendant raised the defense of sovereign immunity for the first time in its Motion for Summary Judgment. (Doc. #28, p. 16 n. 2.) Sovereign immunity is tied to the Court's subject matter jurisdiction and, thus, cannot be waived under Fed. R. Civ. P. 12. See Jennings v. Mukasey, No. 6:08-cv-833-Orl-31GJK, 2008 WL 4371348, at *1 n. 4 (M.D. Fla. Sept. 22, 2008).

Smith v. BellSouth Telecomms., Inc., 273 F.3d 1303, 1314 (11th Cir. 2001).

In order to establish a claim for retaliation plaintiff must demonstrate intentional discrimination against him for having exercised a right under the FMLA. Hurlbert, 439 F.3d at 1293-94; Strickland, 239 F.3d at 1207. "In other words, a plaintiff bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus." Id. (citation omitted).

Defendant does not dispute that plaintiff engaged in statutorily protected activity under the FMLA and that he experienced an adverse employment action (termination). Defendant argues, however, that no causal connection exists between the two because plaintiff's termination was based on his actions on November 30, 2008 and his disciplinary record. Plaintiff responds that his termination when compared to Lee County's discipline of a similarly situated employee, Michelle Teague, for similar conduct establishes a *prima facie* case of retaliation.

The causal connection is not supported by the proximity between the protected conduct and plaintiff's termination. "Close temporal proximity between protected conduct and an adverse employment action is generally 'sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection.'" Hurlbert, 439 F.3d at 1298 (quoting Brungart v.

BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000)). Not all temporal proximity is close enough, however, to create an issue of material fact as to causal connection. The Eleventh Circuit has held that "temporal proximity 'must be very close' and '[a] three to four month disparity . . . is not [close] enough.'" Watkins v. Sec. Dep't Of Homeland Sec., 401 F. App'x 461, 467-68 (11th Cir. 2010)(quoting Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007)). Here, the only FMLA leave at issue was granted on July 28, 2005, and is not in close temporal proximity to plaintiff's January 15, 2009 termination. The evidence of the treatment of a similarly situated employee, however, is sufficient to create a material disputed fact as to causal connection. "The causal connection element is satisfied if a plaintiff shows that the protected activity and adverse action were 'not wholly unrelated.'" Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1234 (11th Cir. 2010)(quoting Brungart, 231 F.3d at 799). Accordingly, summary judgment is denied as to the family-care provisions of the FMLA.

Accordingly, it is now

**ORDERED:**

1. Defendant's Case-Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. #27) is **GRANTED** as to the self-care provision of the FMLA claim and is **DENIED** as to the family-care provisions of the FMLA.

2. The Clerk of the Court shall withhold entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2012.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record